MEYER v. THE CITY OF BURLINGTON.

1. Municipal Corporations: INJURY TO PROPERTY BY CHANGE OF GRADE: MEASURE OF DAMAGES. Where the established grade of a street is changed, resulting in damage to adjacent property, recoverable under section 469 of the Code, the measure of damages is the difference in value of the property resulting from the change, and the city is entitled to have set off against the amount of the damage any enhancement in value of the property by reason of the change.

*Appeal from Des Moines Circuit Court.*

TUESDAY, DECEMBER 9.

ACTION to recover damages alleged to have been sustained by a change of grade of a street. There was a trial by the

court and a finding in substance as follows: That the grade of the street in question was raised about three feet after it had been established; that upon the plaintiff's lot fronting on the street was a frame building occupied for business purposes, and from which the plaintiff was receiving rent; that the rais-ing of the grade of the street made it necessary to raise the building; that while the building was being raised it was untenantable and the plaintiff lost rent amounting to seventy-five dollars; that the cost of raising the building to grade was three hundred and nineteen dollars and forty-six cents, and that the rental value was the same as before. The court further found that there was evidence tending to show that the market value of the lot was increased by the change of grade.

The court held, as a matter of law, that any increase in the market value of the lot caused by the change of grade could not be set off against the damage sustained by the plaintiff by reason of the change of grade, and that the plaintiff was entitled to recover the amount necessarily expended by him in raising the building, and rendering it as tenantable as it was before the change of grade, and the loss of rent necessarily incurred during the raising of the building. The court accordingly rendered judgment for the plaintiff for $394.46. The defend-ant appeals.

*C. L. Poor* and *T. Hedge, Jr.*, for appellant.

*T. J. Trulock* and *W. E. Blake*, for appellee.

Adams, J.—It is provided in section 469 of the Code that "when any city or town shall have established the grade of

1. MUNICIPAL corporation: change of grade: meas-ure of dam-ages. any street, and any person shall have built or made any improvements on such street according to the established grade thereof, and such city or town shall alter said established grade in such a manner as to injure, or diminish the value of, said property, said city or town shall pay the owner of said property so injured the amount of such damage or injury." Such being the statute the plaintiff's right of recovery is clear, provided he has sus-tained an injury within the meaning of the statute. The court

below held that he had, even though the market value of the lot might have been increased by the change.

In our opinion it cannot be said that a change is such as "to injure or diminish the value of the property," where some merely incidental disadvantage or expense is caused, but where the change is such that the value of the property on the whole is increased by it. It is true that where private property is taken for public use, just compensation must be made without regard to resulting advantages. Section 18 of the Bill of Rights. The advantage resulting to the property owner results to him as a member of the public. The rise enjoyed by him is a part of the public rise. It is deemed improper, therefore, that the property owner should be deprived of his property, and be paid for it in whole or in part by an advantage which he enjoys only in common with the public. The principle involved in the case at bar is entirely different. In the first place private property is not taken for public use where there is a mere change of grade of a street. It is, to be sure, insisted by the appellee that the interest which the property owner has in the established grade is in the nature of property. But if we should concede this to be so, that interest could hardly be said to be taken for public use. Besides, where the change is such as to benefit the property, all things considered, the property owner cannot be said to have any interest in the established grade. He is interested in having the grade changed rather than maintained. Again, whatever advantage accrues to the property owner accrues to him mainly as an individual and not as a member of the public. We do not think, therefore, that section 18 of the Bill of Rights has any application to such a case.

While the court below did not find as a fact that the value of the plaintiff's property was increased by the change of grade, and possibly it was not, yet the city was entitled to have a finding upon that question, and we think that the court erred in excluding from its consideration the evidence in relation thereto. The fact found in relation to loss of rent, and expense in raising the building, was not sufficient to justify the rendition of a judgment in the plaintiff's favor.

REVERSED.