THOMPSON ET AL. V. THE CITY OF KEOKUK.

1. **Parties Plaintiff:** MISJOINDER: DEFENDANT ESTOPPED FROM OBJECTING TO. Where the plaintiffs severally had title to separate portions of a lot, and the defendant city had the damages occasioned to the lot by a street improvement assessed in gross, and the plaintiffs, making no objection to the assessment in gross, joined in appeal therefrom, the defendant cannot be heard to complain that the plaintiffs are improperly joined in the prosecution of the appeal.

2. **Evidence:** VIEWING OF PREMISES BY JURY: INSTRUCTION. Where the damages to a city lot by reason of a street improvement were to be determined, and the jury had been permitted to view the premises, it was not error for the court to instruct the jury to consider the evidence in the light of the knowledge obtained by their inspection. · *Close v. Samm,* 27 Iowa, 503, distinguished.

3. **Change of Grade of Street:** DAMAGE TO ABUTTING PROPERTY: INSTRUCTION. Where the damage to an abutting lot, occasioned by a change of the grade of a street, was in question, and there was evidence tending to show the enhanced value of the property after the improvements should be raised to the new grade, it was not error to instruct the jury to consider, among other things, the cost of raising the improvements to grade. 

4. **Instructions:** REPETITION NOT REQUIRED. It is not necessary that the court should repeat instructions already given in substance, to the end that more than one rule, or all the rules of the case, may be presented in one instruction.

5. **Change of Grade of Street:** DAMAGES: INSTRUCTION. Where the damages to property by reason of the change of the grade of a street had been assessed by commissioners, an instruction to the jury that they should not be controlled by the award of the commissioners, but might find less or more than the commissioners had awarded, was not objectionable as instructing the jury to find at least *some* damages for plaintiffs.

6. **City Streets:** PRESUMED TO BE CONSTRUCTED TO GRADE. When a city has constructed a street, it will be presumed, until the contrary is shown, to have been constructed according to the established grade.

*Appeal from Lee Circuit Court.*

SATURDAY, JUNE 9.

THE city of Keokuk raised the grade of Fulton street, and the city council appointed commissioners to assess the bene-

fits and damages resulting to the owners of abutting property, who found, and so reported, the damage to lot twelve, block seventy-three, to be $250, and thereupon the council adopted the report and ordered a warrant upon the city treasurer to be issued to the owner of the lot for the damage assessed by the commissioners. Thereupon the plaintiffs, owners of the lot, appealed from the assessment made by the commissioners. The cause was tried in the circuit court to a jury, and a judgment upon a verdict was rendered for plaintiffs in the sum of $500. Defendant appeals.

*J. H. Dryden*, for appellant.

*Craig, Collier & Craig*, for appellee.

BECK, J.—I.  We will consider the objections urged by defendant to the judgment of the circuit court in the order

1. PARTIES plaintiff : misjoinder: defendant estopped from objecting to.

of their discussion by defendant's counsel. It was shown by the evidence that the title of separate portions of the lot, the damage to which was assessed by the commissioners, was held by each plaintiff. They both live in the same house, situated upon the lot in question. It is insisted that, as plaintiffs are several owners of the property, they cannot prosecute this action jointly. It will be observed that the proceedings were instituted by the city, and that the damage to the whole lot was assessed in a gross sum. The plaintiffs jointly appeal, making no objection to the failure of the city to assess the damage separately to the portions of the lot owned by the respective plaintiffs. They thus waive all error or irregularity in the proceedings, resulting from the assessment in gross. They cannot hereafter urge objections to the proceedings; and, should they do so, they would be estopped by their waiver of the irregularity. Having recovered a judgment rendered in their favor jointly, they are bound by it as though their interest were joint; and they cannot separately prosecute the city to again recover. The city cannot, therefore, suffer

prejudice by reason of the joint judgment. And, as it instituted the proceeding and is responsible for the assessment in gross, it cannot now urge its own act as a ground for defeating the proceeding. These conclusions are supported by familiar principles of the law.

II. The court directed the jury, in effect, that the measure of plaintiffs' damage is determined by the difference between the "market value" of the property before and after the change of grade of the street. As directory in determining the value of the lot before and after the change of grade, the court gave to the jury an instruction in the following language:

2. EVIDENCE: viewing of premises by jury: instruction.

"3. In determining the market value of the property before the change, if any you find, you will carefully weigh all the evidence introduced as to that subject, the location of the property, its surroundings and desirability and situation as to grade before the change, and when you have done this in the light of what you yourselves have seen, fix its market value before the change of grade.

"You will then as carefully weigh the evidence in the light of your inspection of the premises as it is after the change in grade of streets, and in doing so you will consider what it will cost to raise the improvement, if anything, and all the facts and circumstances given in evidence, and from this proof fix the market value of the property after the change in grade. The difference between these sums, if in favor of plaintiffs, is the true measure of damages."

To this instruction defendant's counsel makes two objections. The first is based upon the ground that the jurors are made witnesses in the case by the language of the instruction, directing them to consider the evidence "in the light" of what they had seen, and "in the light" of their inspection of the premises. This was permitted to enable them more fully to understand and weigh the evidence. The instruction directs that they should consider the evidence in the light of

the knowledge obtained by their inspection. The very purpose of the inspection was to enable them to do so, and, unless this was done, the inspection would have been a useless thing. The instruction is unlike that one held bad in *Close v. Samm*, 27 Iowa, 503, which authorized the jury to consider facts learned by them from the inspection of the property.

III. It is insisted that the instruction requires the jury to determine the market value upon the consideration of the 3. CHANGE of cost of raising the property up to the new grade. grade of street; dam- This fact is not made a controlling consideration, ages : instruc- but the jury were directed to weigh it with other tion. facts and circumstances. There was evidence introduced by both parties tending to show the enhanced value of the property after it should be raised to the new grade. The instruction was intended to apply to such evidence, and is clearly correct. If the value of the property was increased by the change of grade, after the lot was made to correspond therewith, it is very plain that the cost of filling the lot and raising the house should be considered, in order to determine plaintiffs' damage.

IV. Certain instructions asked by defendant, presenting the views of counsel above noticed upon this point, were properly refused. Another instruction, limiting the 4. INSTRUC- TIONS: repe- right of plaintiffs to recover upon proof that they tition not re- quired. had made the improvement according to the old grade, was refused. Substantially the same directions are found in an instruction given at the request of plaintiffs. It was not necessary to repeat it. Another instruction is objected to, for the reason that it does not contain this direction, with others given. The court was not required to repeat directions before given, to the end that more than one rule, or all the rules of the case, should be presented in one instruction. Evidence was admitted against defendant's objection, showing that plaintiffs severally owned different portions of the lot. We have shown that defendant cannot ob-

Thompson v. City of Keokuk.

ject to recovery by plaintiffs on the ground that they are not joint owners of the property. The evidence, therefore, was properly admitted.

V. An instruction directed the jury that they should not be controlled by the amount of damages assessed by the com-

**5. CHANGE of grade of street: damages: instruction.** missioners, but should determine the amount of their verdict for themselves, and that they could find less or more than was assessed by the commissioners. It is insisted that the instruction is misleading, in that the jury would understand therefrom that they were required to find for plaintiffs in some amount. The objection is not well taken. The jury would surely understand that, being authorized to find less than the assessment of the commissioners, they could refuse to find at all for plaintiffs, and could find for defendants.

VI. It is insisted that the verdict is in conflict with the evidence, in that plaintiffs fail to show that the improvements

**6. CITY street presumed to be constructed to grade.** were made to correspond with the old grade of the street. We understand from an amended abstract that the improvements were made to correspond with the street as it was constructed under the old grade. The city graded the street, and plaintiffs constructed their improvements to correspond therewith. It is to be presumed that the city in constructing the street made it conform to the grade as then established. We have considered all of the objections urged in argument by defendant's counsel, and reach the conclusion that the judgment of the circuit court ought to be

AFFIRMED.