J. L. STEWART, Appellant, v. CITY OF COUNCIL BLUFFS, Appellee.

| 84 | 61 |
| 95 | 76 |
| 84 | 61 |
| 106 | 53 |
| 84 | 61 |
| 111 | 431 |
| 84 | 61 |
| 136 | 439 |

City-Streets: CHANGE OF GRADE: DAMAGE TO ABUTTING PROPERTY: MEASURE OF DAMAGES. Upon a change of grade in the streets of a city, the damages recoverable by the abutting property owner is the difference in the value of his property, as affected by such change, just before and just after the change of grade.

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

ACTION to recover damages alleged to have been caused to the plaintiff's property by a change in the established grade of one of the defendant's streets. There was a trial by a jury and verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*J. Lyman*, for appellant.

*J. J. Stewart*, for appellee.

GIVEN, J.—Two questions are discussed, namely, the measure of damage in cases like this, and the qualifications of the jurors. The appellant asked an instruction that "the measure of such damage is such sum or sums as he may have expended, which were necessary for the purpose of putting his property in as good condition as it was before the said change of grade, and also the value of such property as may have been wholly destroyed, and cannot be restored to the condition in which it was before the change of grade was made." The court refused to give this instruction, and gave the following:

"But when a citizen has, as before defined, made improvements upon an established grade, he is to be compensated for whatever loss he may sustain by virtue of such change when shown, subject only to the accruing benefits arising therefrom; or, in other words, the citizen shall recover only his exact injury after deducting those resulting advantages, if increased, with the value then shown. Hence, if you find that plaintiff was in enjoyment of his property, which had been improved to a grade established prior to 1880, then he will be entitled to be reimbursed for all reasonable disbursements made necessary to again conform to the new grade, if change thereof is shown. But, if you find all the elements before defined as required to be shown by plaintiff, and you further find that the plaintiff's property has been enhanced in value, and its use to which plaintiff devoted it has been such as to be equal to a greater value than before the grade was changed, then you should find for defendant.

"9. Evidence has been admitted as to plaintiff's disbursements for alleged restoration of his property to the new grade. While this expenditure may be regarded

as the basis of plaintiff's actual loss, if you had found
his property had been improved to a prior established
grade, yet you are not to allow plaintiff any more
consideration therefor than would restore his property
to exactly the same condition it was in before the
change was made, if shown as before defined.   All the
betterments are to be deducted.   Increase of strength
of wall and replacing decayed or unserviceable material
are not to be allowed.   Only those actual, reasonable
and essential expenses are to be considered as necessary
to give plaintiff the same improvements he had before
being disturbed by change of grade; and if you find
his property is of greater or less value since the change
than before, then plaintiff's measure of relief would be
the actual, reasonable cost of conforming to the new
grade; and in this you are not to regard any disburse-
ments for street improvements, curbs and sidewalk;
but any improvements, if shown to have been destroyed,
the value thereof is to be considered, if shown."

The instruction refused and those given are based
upon the theory that the cost of putting the property
in as good condition as it was before the change of
grade, less resulting benefits, is the measure of
damages.   Such, we think, is not the best and plainest
statement of the true measure of recovery.   The right
to recover is derived from the statute alone (Code,
sec. 469), and is not based upon alleged wrong, as
in the cases cited by the appellant.   The evident
purpose of the statute is to make the property owner
whole, and no more.   The difference in the value of his
property as it was just before the change of grade and
as it was just after, as affected by the change, is the
exact amount to which he has been damaged.   If,
because of benefits resulting to the property from the
change, it is rendered as valuable or more so than
before, there is no damage; but, if less valuable, there
is, to the extent of the difference.   Resulting benefits
are considered in these cases.   *McCash v. Burlington,*

72 Iowa, 26. It is true that the reasonable cost of putting the property in the same condition in which it was before the change, less resulting benefits, will lead to the same result as the rule we have stated; but there are several reasons why that is not the plainest and best statement of the measure of damages. It does not plainly and directly present to the minds of a jury the ultimate fact to be arrived at; and generally, if not uniformly, the property has not, or cannot, be put in the exact condition that it was before the change. As, in this case, a sum is expended in refitting the property to the new grade, and in doing so it has new material and new walls instead of the old. It is not refitted to be the same as before, and the jury must go through confusing investigations of the value of the new material and betterments over the old. Evidence as to the reasonable cost of putting the property in the same condition that it was in before the change is admissible, and proper to be considered, as it is one means of arriving at the difference in value, as caused by the change. Another means is the opinion of competent witnesses as to the value of the property before and after. The ultimate fact to be arrived at is the difference in the value of the property as caused by the change of grade. This should be given to the jury as the measure of damages. This measure is alike applicable whether the property has been refitted to the new grade or not. See *Meyer v. Burlington*, 52 Iowa, 560. The instructions given are not in accord with this rule, and, as for this reason the judgment must be reversed, we do not notice the other question discussed, as it will not arise upon a retrial. REVERSED.