John W. Seaman *v.* Borough of Washington, Appellant.

[Marked to be reported.]

*Statutes—Repeal—Repugnancy—Acts of May 24, 1878, and May 16, 1891 —Change of grade in borough.*

The act of May 24, 1878, P, L. 129, entitled "An act for appointing viewers to assess damages where streets and alleys are changed in grades or location in the several boroughs of this commonwealth," is not repealed by the act of May 16, 1891, P. L. 75.

The act of May 24, 1878, provides a remedy for the individual citizen in the single case of changing or altering grades, whereas the act of May 16, 1891, provides comprehensively for proceedings intended to be instituted

172  467
172  481
172  599
172  467
214  538

172  467
216  5479

172  467
34 SC 1132

172  467
220  2310

172  467
38SC 3271

by municipalities chiefly, in all cases of laying out, opening, widening and extending streets, alleys and lanes, and for the building of bridges, piers, abutments, sewers and other works, and for ascertaining in one proceeding all the damages suffered by all abutting owners affected by the particular improvement, and assessing upon all properties benefited the amounts of the benefit as a fund out of which to pay the damages.

If the citizen desires to proceed on his own account and for the ascertainment of his own damages alone, he will proceed under the act of May 24, 1878, which is especially adapted to his case, whereas if he wishes to embrace in his proceeding all the cases affected by the particular improvement, he will proceed under the act of May 16, 1891, P. L. 75.

The enactment of the act of June 24, 1895, P. L. 248, as a supplement to the act of May 24, 1878, giving viewers mileage at the rate of ten cents per mile in addition to the pay of one dollar and fifty cents per day provided by the act of May 24, 1878, shows that the legislature did not regard the act of May 24, 1878, as repealed by the act of May 16, 1891.

*Road law—Boroughs—Streets—Change of grade—Failure to agree with owner as to damages.*

Under the act of May 24, 1878, P. L. 129, relating to change of grade of streets in boroughs if there is an actual failure to agree with a land owner as to damages, from any cause, not necessarily as the result of an abortive attempt to agree, it is enough to justify a recovery. The mere absence of consent of the owner to the change, is of itself alone sufficient to enable a recovery.

A petition under the act of May 24, 1878, averring that the change of grade " was made without the consent of the petitioner, and that no compensation for the injury inflicted upon his property by reason thereof, has been agreed upon by the said borough and the petitioner," contains a sufficient averment to give the court full jurisdiction to entertain the petition.

*Road law—Streets—Change of grade—Shade trees—Damages.*

Where, in effecting a change of grade of street in a borough, it has been necessary to remove shade trees and a porch, the jury cannot allow any sum distinctly as damages either for the trees or porch, but in estimating the difference in market value of the whole property before the improvement and after it, they may take into account the condition of the property as it was with the trees and porch, and as it was without them, and then determine whether the market value of the whole property had been affected by the improvements.

Argued Oct. 23, 1895. Appeal, No. 91, Oct. T., 1895, by defendant, from judgment of C. P. Washington Co., February Term, 1894, No. 78, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition under the act of May 24, 1878, P. L. 129, to assess

damages for injuries caused by the change of grade of a street. Before McIlvaine, P. J.

On January 8, 1894, defendant moved to quash the petition assigning, inter alia, the following reason :

2. Because the above described proceedings (petition for the appointment of viewers) were instituted under the provisions of an act of assembly approved May 24, 1878, P. L. 129; and the same was repealed by the provisions of the general act of assembly approved May 16, 1891, P. L. 75.

McIlvaine, P. J., overruled the motion to quash, filing the following opinion :

The solicitor of the borough moves the court to quash the plaintiff's petition for three reasons, two of which relate to the form of the petition and are fully answered by the plaintiff's offer to amend his petition. The other alleges that the act of May 24, 1878, P. L. 129—under the provisions of which the court is asked to appoint viewers—is repealed by the act of May 16, 1891, P. L. 75.

An examination of these two acts convinces us that they can stand together, and that an assessment of damages, such as the plaintiff alleges he has sustained, can be assessed under either of the acts. If the viewers were appointed under the act of 1891, all properties on Chestnut street affected by the improvement or change of grade would have to be considered, and their award would be in the shape of a schedule of benefits and damages sustained by all the properties benefited or injured. And had such a proceeding been instituted before the plaintiff filed his petition we would grant the defendant's motion to quash, not because the act of 1878 is repealed, but because jurisdiction had been taken of the subject-matter under the act of 1891. Where neither the borough nor a property owner on the street on which the change of grade has been made has asked for a general assessment of benefits and damages, an application for the appointment of viewers in an individual case under the act of 1878 can be made—at all events—in case no steps have been taken, or no averment made that such steps are about to be taken by the borough for a general assessment of benefits and damages.

Repeals by implication are never favored ; and, as the act of 1891 contains no repealing clause or provisions that are so repugnant to the provisions of the act of 1878 as to raise a neces-

sary implication that the legislature intended its repeal, we are of opinion that the defendant's motion to quash cannot be sustained upon the second reason assigned.

And now, January 25, 1894, the motion to quash the plaintiff's petition is overruled upon condition that the petition be amended so as to meet the objections raised thereto by the first and third reasons assigned in support of defendant's motion, and the plaintiff's motion to so amend is granted. [1]

At the trial it appeared that plaintiff with other property owners had joined in a petition to the council of the borough to construct a sewer under West Chestnut street, and that councils in pursuance of said petition had graded and paved the street in accordance with a grade prepared by the borough engineers, and known to the plaintiff at the time he signed the petition.

Defendant presented the following points :

1. If the jury find from the evidence that the plaintiff presented no claim to the council of said borough prior to the commencement of proceedings in this case, for damages sustained on account of the grading and paving of the street in front of his premises, or that no attempt was made by the plaintiff to arrive at an understanding or agreement with the said borough regarding the amount of damages, if any were sustained by him, in the grading and paving of the street in front of his premises, and also find said grading and paving was done with the consent of the plaintiff or plaintiffs, then there can be no recovery by plaintiff or plaintiffs in this case. *Answer :* Refused. The simple consent of the plaintiff to the grading, and the fact that he did not attempt to agree with the borough as to the damage, do not estop him ; unless his consent amounts to an express release of damages, or is of such a character that a release of damages can be fairly inferred therefrom, he is not estopped. [2]

2. If the jury find from the evidence that the council of the borough of Washington enacted an ordinance that said borough would grade and pave West Chestnut street in said borough, according to profile of grades prepared by its engineers, Messrs. Wilson & Smith, and which had at the time been adopted, with the knowledge of the plaintiff, by said council, provided that a majority of the property owners abutting on said street would

petition said council to construct on said street a sewer under the provisions of the act of assembly approved May 15, 1889, and that such a petition was signed by a majority of said property owners, among whom was the plaintiff, and presented to said council, whereupon said borough graded and paved said street according to said profile of grades and constructed said sewer, the plaintiff is now estopped from claiming damages for the grading and paving of said street. *Answer :* Refused. [3]

4. The evidence showing that the shade trees in front of the premises of J. W. Seaman, and porch in front of the premises owned by the Seaman heirs, for which the plaintiff claims damages, were located upon and within the lines of the street, and so located subsequent to the establishment of said street, they were in the places they occupied by the sufferance of the borough, and in removing them or in grading so that they were affected, the defendant borough cannot now be called upon to respond in damages for their removal or injury. *Answer :* Now, that is affirmed so far as to say that you cannot allow any specific damages for any of these things, as we have already charged you ; but as to whether or not they can be taken into consideration as affecting the market value, depends upon circumstances, upon facts as you may find them under the testimony that has been adduced. The streets, of course, are for public travel, but the soil to the middle of the street belongs to the lot owner, and if the borough permits or allows a lot owner to plant shade trees between the line of the pavement and the driveway, and shade trees are planted by the owner with the consent or permission of the borough, and are cared for for a long number of years so that they may add value to his property, and they were planted on the established grade at the time they were planted, we instruct you that any change of grade that would destroy those trees would be such a consequential injury to the lot as could be taken into consideration by the jury in determining how the market value of the property was affected by the change of grade. And the same thing can be said in regard to this porch. As I said before ; the pavements, primarily, are for people to walk upon, for the people that pass along the streets, but they are under the control of the borough, and if the borough sees fit, for the convenience of these people that have dwellings on the street, to allow a

certain portion of the pavement to be occupied by a porch, and the porch is erected by the lot owner in pursuance of a privilege granted, and it is within the grant, and is erected on a grade that has been previously established by the borough, and the borough then changes the grade of the street so as to interfere with the house or its approach, then we instruct you that any injury, even to the porch, would be such an injury, although consequential, as can be taken into consideration by the jury in determining whether or not the market value of the property has been affected by the improvement. [4]

Under the law and evidence in the case, the verdict of the jury should be for the defendant. *Answer:* Refused. [5]

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Errors assigned* were, (1) in overruling the motion to quash the petition, quoting motion and opinion; (2–5) above instructions, quoting them.

*Albert S. Sprowls,* for appellant.—Where two acts are not in express terms repugnant, but the later act covers the whole subject-matter of the earlier, not purporting to amend it, and plainly shows that it was intended as a substitute for the earlier, it will operate as a repeal thereof, though all the provisions of the two may not be repugnant: Johnston's Estate, 33 Pa. 511; Bartlett v. King, 12 Mass. 537; King v. Carter, 4 Burr. 2026; King v. Davis, 1 Leach's Case, 306; Com. v. Cromley, 1 Ash. 181; Rhoads v. Building & Savings Assn., 82 Pa. 180; Phila. v. Kates, 150 Pa. 30.

It is true that in Hanover Borough's Appeal, 150 Pa. 202, it is held that the act of April 3, 1851, P. L. 320, is not repealed by the act of May 16, 1891, P. L. 75. But this case follows the construction placed upon the acts of May 23, 1889, P. L. 288, and of May 16, 1891, P. L. 78, in relation to change of grade, etc., in streets of cities of the third class.

The act of 1878 has been repealed by the act of 1891, because they both relate to the same subject and provide a method of procedure intended to accomplish the same end: Whittaker v. Homestead Borough, 13 Pa. C. C. 647; act of 1891, P. L. 75.

Where an act of assembly provides a remedy it must be

strictly followed: Criswell v. Clugh, 3 Watts, 330; Ensworth v. Com., 52 Pa. 320; act of May 24, 1878, P. L. 129; White v. McKeesport Borough, 101 Pa. 394.

The borough could not have commenced the proceedings without first having attempted to agree with plaintiffs respecting the amount of damages: Act of February 19, 1849, P. L. 84; Reitenbaugh v. Chester Valley R. R., 21 Pa. 100; Penna. R. R. v. Porter, 29 Pa. 165; Darlington v. United States, 82 Pa. 382.

As there was no attempt made to adjust the question of damages prior to the commencement of the proceedings, the court was without jurisdiction: Deihm v. Snell, 119 Pa. 323.

We are aware that it has been decided by this court that one petitioning for a change in the grade of a street is not estopped on account thereof from claiming compensation for the injury occasioned him by the grading: Jones v. Bangor Borough, 144 Pa. 638. But it will be noticed that in the present case there was a proposition on part of council to the property owners on West Chestnut street that it would not only grade but pave said street at its own expense provided a majority of said property owners would petition it for the construction of a public sewer on said street under the act of 1889. A majority of property owners accepted this proposition by procuring the necessary petition and presenting the same to council. The grading and paving of said street was accordingly induced by the acceptance of the aforesaid proposition of council: 7 Am. & Eng. Ency. of Law, 20; 2 Wharton on Evidence, 1085.

Shade trees on the city's sidewalks and streets belong to the city, and in grading the streets and sidewalks they may be removed if necessary to the grading: 26 Am. & Eng. Ency. of Law, 562; 2 Dillon on Municipal Corporations, sec. 990; Castleberry v. Atlanta, 74 Ga. 164.

A. M. Todd and James H. Wiley, for appellee.—Repeal by implication is not favored. It is a reasonable presumption that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intention to do so.

There is no repealing clause in the act of 1891, and in order

that it should work a repeal of the act of 1878, the provisions contained in it must be so irreconcilable with those of the act of 1878 that they both cannot stand. The intention of the act of 1878 was to give property holders damaged by municipal improvements a remedy against the municipality. The act does not go farther than this.

The injury to the porch and the destruction to the trees were simply incidents in the case, and to be considered as affecting the value of the property before and after the improvement.

OPINION BY MR. JUSTICE GREEN, January 6, 1896 :

The principal contention of the appellant in this case is that the act of May 24, 1878, P. L. 129, under which the present proceeding was instituted, was repealed by the act of May 16, 1891, P. L. 75. The proceeding was a petition of the plaintiff to the court of common pleas of Washington county to appoint five viewers to assess the damages alleged to have been sustained by him by reason of a change of grade made by the defendant in the street and sidewalk in front of his premises, situate on Chestnut street in the borough of Washington. The proceeding was instituted under the act of 1878, and if it had been repealed by the act of 1891 the plaintiff had no case. The learned court below held that the act of 1878 was not repealed and appointed the viewers who assessed the damages, from which assessment the defendant appealed to the common pleas where the case was tried before a jury who found in favor of the plaintiff, and from the judgment on the verdict this appeal was taken.

There was no repealing clause in the act of 1891, and the contention of the defendant is that the act of 1878 was repealed by necessary implication, because the two acts are so inconsistent that they cannot stand together. After a careful reading of the two acts we are convinced that the court below correctly decided the question, and that the act of 1878 was not repealed by the act of 1891. The act of 1878 consists of a single section and it provides, " That in all cases where the proper authorities of any borough within this commonwealth, have or may hereafter change the grade or lines of any street or alley, or in any way alter or enlarge the same, thereby causing damage to the owner or owners of property abutting thereon, without the con-

sent of such owner or in case they fail to agree with the owner thereof for the proper compensation for the damage so done or likely to be done or sustained," the court of common pleas on application by petition of the burgess and council or the owner of the property injured shall appoint five disinterested persons as viewers who shall view the premises and assess the damages and report their proceedings to the court.

The title of the act of 1878 is " An act for appointing viewers to assess damages where streets and alleys are changed in grades or location, in the several boroughs of this commonwealth."

It will be observed at once that the jurisdiction conferred by the act is limited to the boroughs of the commonwealth, and to changing the grade or lines of any street or alley, or in any way altering or enlarging the same. No authority is given to open or lay out streets and alleys, nor to construct sewers, bridges, or other works or vacate streets or alleys.

The act of 1891 in its first section provides, " That all municipal corporations of this commonwealth shall have power whenever it shall be deemed necessary in the laying out, opening, widening, extending or grading of streets, lanes or alleys, the construction of bridges and the piers and abutments therefor, the construction of slopes, embankments and sewers, the changing of water courses or vacation of streets or alleys, to take, use, occupy or injure private lands, property or materials," and in case the compensation for damages or benefits has not been agreed upon the court of common pleas, or a judge thereof in vacation, on application by petition by the municipal corporation or any person interested, shall appoint three freeholders as viewers to view the premises and they must give public notice for at least ten days in one or more newspapers of their first meeting. The second section directs the viewers to hear all parties interested after having viewed the premises and examined the property, and to estimate and determine the damages for property taken, injured or destroyed, and to whom the same is payable; they shall also determine the benefits and thereupon they shall prepare a schedule thereof and give notice to all parties to whom damages are allowed, or upon whom assessments for benefits are made, of a time not less than ten days thereafter, and of a place when said viewers will meet and exhibit said

schedule and hear all exceptions thereto and evidence. After they have heard and disposed of all exceptions filed, they shall make report of their action to the court, and file a plan showing the improvements and the properties injured and also the properties benefited, after which public notice must be given of the filing of the report, and that unless exceptions are filed within thirty days the report will be confirmed absolutely. Other provisions follow respecting the payment of the damages by the corporation, or by the assessment of benefits on properties benefited, and other matters of detail such as filing exceptions and giving a right of appeal to obtain a trial by jury.

All these provisions, none of which appears in the act of 1878, are simply intended to carry into effect the execution of the powers and authorities conferred by the act, and are not in any degree inconsistent with the provisions of the act of 1878 in the very limited class of cases for which that act was passed. As will be hereafter shown there is no repugnancy between two acts which provide different proceedings even for the same class of cases. But it is at least doubtful whether the act of 1891 includes the cases provided for by the act of 1878. The principal jurisdictional section of the act of 1891, to wit, the first section, certainly does not include them, and it is only by a very liberal construction of the eighth section that it could be held that any part of the act of 1891 embraces them. The language of the eighth section is that "Every municipal corporation shall have power to lay out, establish or re-establish grades of streets and alleys, and to construct bridges, piers and abutments therefor, and sewers and drains in any street or alley, or through or on or over private property." The remainder of the section gives power "to grade, pave, curb, macadamize and otherwise improve any public street or public alley within its corporate limits," etc. But this does not include the power to change or alter any existing grade, and the power can only be exercised, "upon the petition of a majority of property owners in interest and number abutting on the line of the proposed improvement," whereas the powers of the court under the act of 1878 may be invoked on the single petition of the owner interested. There is nothing in the eighth section except the word, "re-establish," that can suffice to give jurisdiction in the case of altering or changing grades. But the re-establishment

of a grade already established does not necessarily mean the alteration or changing of such a grade. Hence it is at least doubtful whether the jurisdiction conferred by the act of 1878 is embraced within that conferred by the act of 1891. But a doubtful repugnance is not sufficient to defeat the prior act as we have many times held.

We do not see any reason why these two acts cannot stand together and both be executed in their appropriate cases. The act of 1878 provides a remedy for the individual citizen in the single case of changing or altering grades, whereas the act of 1891 provides comprehensively for proceedings intended to be instituted by municipalities chiefly, in all cases of laying out, opening, widening and extending streets, alleys and lanes, and for the building of bridges, piers, abutments, sewers and other works, and for ascertaining in one proceeding all the damages suffered by all abutting owners affected by the particular improvement, and assessing upon all properties benefited, the amounts of the benefits as a fund out of which to pay the damages. The act of 1878 contains no such provisions and therefore there is no conflict between the two acts as to these most important matters. Comprehensive as the act of 1891 is, it does not embrace the very case provided for by the act of 1878, while it is only possibly true that under the eighth section of the act of 1891 redress might be had by the individual citizen for the injury inflicted by changing and altering grades. This subject is well illustrated by our decisions in the cases of Hand v. Fellows, 148 Pa. 456, and Hanover Borough's Appeal, 150 Pa. 202. In the former we held that the act of May 23, 1889, P. L. 228, which provided a comprehensive code for the government of cities of the third class and for the regulation of their municipal affairs, including the grading, paving or macadamizing of streets, etc., was not repealed by the act of May 16, 1891, the one we are now considering. We held that the latter act applied to all the cities of the commonwealth, that it is an affirmative act containing no repealing section or clause, and can have no effect on the act of 1889, unless the system provided by it is so inconsistent with that previously existing as to make it impracticable for them to stand together. Our brother WILLIAMS, who delivered the opinion, carefully pointed out the points of similarity and difference between the two

acts, and showed, in a course of reasoning directly applicable to the present case, that there was no such inconsistency between them as to require the repeal of the first act. He concluded by saying, " If the persons interested desire the improvement to be made upon the basis of liability according to benefits, they will proceed under the act of 1889 ; but if they wish the foot front rule applied they will follow the line of procedure marked out by the act of 1891." Just so in the present case, if the citizen desires to proceed on his own account and for the ascertainment of his own damages alone, he will proceed under the act of 1878, which is especially adapted to his case, whereas if he wishes to embrace in his proceeding all the cases affected by the particular improvement, he will proceed under the act of 1891.

In the case of Hanover Borough's Appeal, 150 Pa. 202, we held that the power of a borough of its own motion to open or widen a street under the general borough law of April 3, 1851, P. L. 320, is not impaired by the act of May 16, 1891, now under consideration, providing for the passage of ordinances for such purposes on the petition of a majority of the property owners. That there is nothing repugnant in the existence of two methods of initiating improvements, and that a borough council may exercise its own judgment as to a street in a built up portion in a borough, while as to a remoter highway it may wait to be moved by the petition of the property owner. Our brother MITCHELL, delivering the opinion, said, " In steering through constitutional restrictions well meant, but destructive of necessary governmental powers, the legislature had found it difficult to construct statutes conferring powers and modes of procedure suitable to all the diverse needs, situations and wishes of the multitude of municipal organizations in the state. In the effort some well intended acts had come to naught, and others had been shorn of sections that left inconvenient gaps here and there in the whole system. It was to fill these gaps to supply the *casus omissi* and to supplement powers doubtful or defective, that the act of 1891 was passed. It took away no power in any municipality that existed before, nor interfered with any mode of its exercise except as already said, where there is an irreconcilable repugnancy." The opinion then pointed out that there was no such repugnancy in that case on

account of the fact that two different modes of initiating proceedings were in existence under the two acts, and that the act of 1891 was, "not a borough act merely, but relates to all municipalities. There is nothing repugnant in the existence of two methods of initiating the improvement."

Upon the whole case we do not consider these two acts of 1878 and 1891 inconsistent or repugnant to each other, and as the act of 1878 is not repealed expressly, we hold it is still in force.

That the legislature so regards it is conclusively proved by the fact that they enacted a supplement to it by an act approved June 24, 1895, P. L. 248, giving the viewers mileage at the rate of ten cents per mile in addition to the pay of one dollar and fifty cents per day provided by the act of 1878.

The first assignment of error is dismissed. As to the second it will be observed that the petition for viewers expressly asserts that the change of grade "was made without the consent of the petitioner, and that no compensation for the injury inflicted upon his property by reason thereof, has been agreed upon by the said borough and the petitioner." This averment in the petition gave full jurisdiction to the court below to entertain the petition. We are not referred to any testimony to show that the borough and the plaintiff ever agreed upon any compensation to be paid, or that he ever assented to the change of grade, but the first point of the defendant, the answer to which is complained of in the second assignment, asked the court to instruct the jury that if they found that no claim was presented to council for damages on account of the grading and paving of the street in front of his premises, or that no attempt was made to arrive at an understanding or agreement with the borough regarding the amount of damages or that the grading and paving was done with his consent, there could be no recovery. The point as submitted was much too broad. The presenting of a claim for damages to council is no part of the statutory requirement, nor is an unsuccessful attempt to agree a jurisdictional fact essential to recovery. The mere absence of consent of the owner to the change is of itself alone sufficient to enable a recovery, so also is a mere failure to agree. This does not imply anything more than the language declares. It is different from most of the acts in this respect. That is.

if there was an actual failure to agree from any cause, not necessarily as the result of an abortive attempt to agree, it is enough to justify a recovery. But either one of these conditions alone is sufficient. Now undoubtedly there was in point of fact a failure to agree. Whether there was an unsuccessful attempt to agree is not essential in cases under this act. But the answer of the court was correct in holding that if the plaintiff did merely consent to the change of grade he was not thereby estopped from recovering unless his consent amounted to an express release of damages. This is fully sustained by our decision in the case of Jones v. Bangor Borough, 144 Pa. 638, where we held that even the joining in a petition for the change of grade did not prevent one of the petitioners from recovering damages for the change. This consideration applies also to the third assignment of error and for these reasons both the second and third assignments are dismissed. The fourth assignment is without merit. The court charged correctly in regard to the shade trees in the general charge, telling the jury that they could not allow any sum distinctly as damages either for the trees or porch, but that in estimating the difference in market value of the whole property before the improvement and after it, they might take into account the condition of the property as it was with the trees and porch, and as it was without them, and then determine whether the market value of the whole property had been affected by the improvement. We regard this as a correct statement of the law on this subject and therefore dismiss the fourth assignment. The merits of the case were necessarily submitted to the jury and therefore the fifth assignment is dismissed.

Judgment affirmed.