MARY A. MORTON v. THE CITY OF BURLINGTON, Appellant.

**Grade:** IMPLIED EXTENSION. While it may be true that changing grade at a corner, of necessity, amounts to a change for some distance from the corner, such rule creates a liability and not a right, and it will not be extended to a holding, that where a grade is established on two streets which cross a third, the same grade is made by implication on that portion of the street crossed which lies between the two said streets which cross it. *Conklin v. City*, 73 Iowa, 343, *limited and questioned*.

**Evidence:** DAMAGE: *Change of grade.* The immediate surroundings of plaintiff in an action against a city for damages from a change of grade in the street in front of it, and the effect upon it, if any, of bringing the streets on either side to grade, may be considered by the jury in determining how much and in what way the work complained of affects the property. If there is any benefit, it bears on recovery.

**Pleading:** PROOF: *Objections.* Where plaintiff pleads that a grade fixed by an ordinance was wrongfully changed, the court will not assume that a later ordinance authorized the grade change complained of, by sustaining objections to evidence tending to show that the grade was changed after improvements were built with reference to it. If the first ordinance was superseded, it was a fact for defendant to show.

**Instructions:** CONSTRUED. An instruction which explains that an ordinance adopted prior to a change of grade complained of, was admitted in evidence to show whether or not the plaintiff's means of convenient access to his property were increased by grades which that ordinance established, does not tell the jury, in effect, that the means of access were increased, and that only the extent of the increase is to be determined.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

TIIURSDAY, MAY 26, 1898.

THIS is an action for damages on account of injury done to real estate by an alleged change in the grade of the street upon which the property abuts. From a verdict and judgment in plaintiffs favor, the defendant appeals.—*Reversed.*

*La Monte Cowles* for appellant.

*Stutsman & Stutsman* for appellee.

WATERMAN, J.—Plaintiff owns a lot on North street, in the defendant city. On either side of her property, and about three hundred and twenty feet apart, Ninth street and Central avenue intersect North street. The grade of North street was established by ordinance in 1858. In 1873 the grade at the intersections of North street with Ninth street and with Central avenue was changed and established about six feet lower at Central avenue and about four feet lower at Ninth street than that fixed by the ordinance of 1858. In 1878 plaintiff erected buildings and made other improvements on her property. By an ordinance passed in 1892, the grade of North street was again changed, but nothing is claimed on account of this action by plaintiff. As a matter of fact, it did not change the street in front of her property from the level fixed by the ordinance of 1873.

II. A number of the assignments of error are based upon rulings on evidence, and these can be disposed of by calling attention to an evident misapprehension of counsel for appellant. Plaintiff had a right to make her case upon her own theory, and introduce any legitimate evidence which tended to sustain it. She claimed that the grade of North street was established in 1858, and that there was an attempt to change it by resolution in 1894, and that under this resolution the work was done of which she complains. Whether what was

attempted by this resolution would amount to a change of grade, may well be questioned; but the point is not made here. We take the same cause of action as stated.  Plaintiff surely had the right to prove what she alleged.  The ordinance of 1858 was admissible.  If, as defendant claims, it was superseded by a later ordinance, that was matter for the defense to show.  It could not be assumed in objections to evidence.  At least the court was not called upon to accept and adopt any such assumption in ruling upon the admissibility of testimony.  We find no error in the court's rulings on these matters.

III.  Defendant offered in evidence the ordinance of 1873, which established the grade at the intersections of North street with Central avenue and with Ninth street.  This evidence was offered to show that it must have been the intention of the city to change the grade of North street between these two corners; and to support this theory *Conklin v. City of Keokuk,* 73 Iowa, 343, is relied upon.  We are not inclined to extend the rule in that case.  It was there held, in favor of the property owner, that where the city changed the grade of a street at a certain corner it amounted of necessity to a change for some distance back from the corner on the intersecting streets.  While we held in that case that the city might thus incur a liability, we have no disposition to say that it may so acquire a right.  A grade, in this state, can be neither established nor changed save by ordinance.  *Blanden v. City of Ft. Dodge,* 102 Iowa, 441; *Kepple v. City of Keokuk,* 61 Iowa, 653.  And yet we are asked here to hold that it may be done by mere implication; that in places unmentioned in the ordinance, and to levels undetermined, the grade may be changed, and the city thus acquire rights against the property owners.  We must say that this cannot be done.  If this holding and that in *Conklin v. City of Keokuk* cannot stand together, this must prevail.

IV.  We say this much on this subject, although the ordinance was in fact admitted later by the court, when offered for another purpose, because the court in an instruction lim-

ited its scope and bearing, and this instruction is excepted to by defendant. The instruction is paragraph 7 of the court's charge, and the portion material is as follows: "Evidence has been introduced showing the grades established in 1873 on other streets connecting with and intersecting North street. You are instructed that such evidence is received for the sole purpose of showing whether or not the means of convenient access to plaintiff's property were increased." Defendant's objection is grounded on the idea that this instruction tells the jury, in effect, that means of access to plaintiff's land were, in fact, increased, and leaves them to determine only to what extent. We do not so understand it. The jury is told to find whether or not the property was made more accessible, and this would naturally be taken to mean that the question to be determined was, how did the ordinance of 1873 affect the property in the respect mentioned?

V. Two witnesses were introduced by defendant, and asked, in substance, to state the levels of the two streets at the corners where the grade was established in 1873, and the depth of the cut there if those streets were brought to that grade. On plaintiff's objection this evidence was excluded. It should have been admitted. The defendant should have had an opportunity to show the immediate surroundings of plaintiff's property, and the effect upon it, if any, of bringing Ninth street and Central avenue to grade, in order to enable the jury to determine how much and in what way the work complained of affected plaintiff's land. If her land was in fact benefited thereby through improving the means of access to it, this fact should have been considered in fixing the amount of her recovery. *McCash v. City of Burlington,* 72 Iowa, 26; *Stewart v. City of Council Bluffs,* 84 Iowa, 61. For the error just pointed out, the judgment will be REVERSED.