# Stuckemann, Appellant, *v.* City of Pittsburgh.

*Negligence—Municipalities—Change of grade—Damages—Failure to conform to grade—Surface drainage—Resulting damages—Nonsuit.*

1. Where a property owner has collected damages from a municipality to compensate him for the cost of raising his house, in consequence of the change of grade of a street, and instead of raising his house chooses to permit his property to remain in its depreciated condition, he does this at his own risk and is not in position to complain of harmful results therefrom.

2. Where a property owner collected damages from a city, to compensate him for injury to his property in consequence of the change of grade of the street, and did not raise his property to conform to the new grade, and in consequence thereof surface drainage leaked into his property causing damage, the court properly directed a verdict for the defendant in an action against the city to recover damages for the injuries sustained.

Argued October 16, 1916. Appeal, No. 72, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., June T., 1910, No. 711, on directed verdict for defendant in case of Herman Stuckemann v. City of Pittsburgh. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages from a municipality for injuries caused by the leakage of surface water into plaintiff's house in consequence of the raising of grade of city street. Before COHEN, J.

The opinion of the Supreme Court states the case.

On the trial the court directed a verdict for defendant upon which judgment was entered. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*Septer W. Douglas,* with him *Henry A. Jones,* for appellant.

*Thomas M. Benner,* with him *Charles A. O'Brien,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 8, 1917:

The plaintiff owned an improved property consisting of several adjoining lots abutting on a public street in the City of Pittsburgh; the municipality raised the

grade of this thoroughfare to such an extent that the surface of the property in question was several feet lower than the highway. In his printed history of the case, plaintiff states that, at the time of this change, he appeared before the board of viewers of Allegheny County and made a claim for damages to these lots, "arising from the change of grade"; further, that he then "testified......as to the cost of raising his property to the established grade." In those proceedings he secured and collected an award of damages from the city, and it is clear this award was based upon the theory that there had been a depreciation in the value of plaintiff's real estate due to the fact that eventually the owner thereof would be obliged to bear the expense of raising it to the new grade; but, although the plaintiff collected the money awarded to him for this reason, yet, as a matter of fact, he never made any change in the grade of his lots. As a consequence, some time after the bed of the street was raised, because the resulting embankment was not adequately supported on the plaintiff's side, surface drainage leaked into his house, causing injuries thereto; whereupon he brought this action to recover damages The court below gave binding instructions for the defendant; a verdict was rendered accordingly, upon which judgment was entered, and the plaintiff has appealed.

So far as our investigations disclose, the point made by counsel for the defendant, namely, had the plaintiff attempted to overcome the depreciation in the value of his property by raising it to the new grade, the injurious results now complained of would not have ensued, and he therefore cannot recover in his present action, is a proposition new to our law; but, nevertheless, we are impressed with its basic soundness. In this connection we observe that the point not having been suggested in any of the cases called to our attention, none of them is an authority here; hence they require no particular discussion.

Of course, if the plaintiff did not see fit so to do, he

was not obliged to expend upon the improvement of his property the money collected by him from the city, even though the award was made upon the theory that he would be put to the cost of raising his houses and lots to the new grade; but, on the other hand, if he chose to permit his property to remain in its depreciated condition, instead of raising it and thus supporting that side of the fill, he did this at his own risk and was not in position to complain of any harmful results therefrom; this is so, even though the municipality itself might have prevented the ensuing damage by better supporting and maintaining the fill.

The assignments of error are overruled and the judgment is affirmed.