## Hand *v.* Fellows, Appellant.

[Marked to be reported.]

*Cities of the third class—Streets—Grading and paving—Acts of May* 23, 1889, *and May* 16, 1891.

The act of May 23, 1889, P. L. 288, was passed in order to provide a comprehensive code for the government of cities of the third class and for the regulation of their municipal affairs. Section 10 of article V of that act, relating to grading, paving or macadamizing of streets, etc., provides that if the improvement consists of grading only, the expenses may be charged, in whole or in part, on the city or on the property benefited, according to benefits. If the improvement includes paving, the expense may be charged, in whole or in part, on the city or on real estate bounding on the street paved, according to the "foot-front" rule. The latter rule, however, it is well settled, does not apply in the rural portions of the city

territory.  Paving could only be done at the cost of the owners of property in cities of the third class, therefore, within the built-up city where the "foot-front" rule could be enforced.  In all other parts of the city it could be done only at the expense of the treasury.

The act of May 16, 1891, P. L, 78, is a general act applying to all cities of the commonwealth.  It is an affirmative act containing no repealing section or clause, and can have no effect on the act of 1889, unless the system provided by it is so inconsistent with that previously existing as to make it impracticable for them to stand together.  In respect to an improvement by grading only, both acts adopt the same basis of liability — the benefit accruing to the property by reason of the improvement.  It provides that the grading and paving of streets shall be done at the expense of the property benefited.  It reaches the rural as well as the built-up parts of the city.  Thus, under both acts, in respect to an improvement by grading, the basis of liability of the lot owner is the same,—the benefit accruing to his property.  In the rural parts of the city the act of 1891 provides a new and the only mode for reaching the lot owners directly. In the built-up portions the act provides an additional mode of reaching the lot owners, to wit: on the basis of benefits, while they were previously liable only according to frontage.

The new basis of liability is not imposed by law, nor is the city authorized to impose it, except upon the petition of a majority in number and interest of those to be affected by the improvement.  The alternative is for the lot owners to settle.  Hence there is no inconsistency between the systems of the two acts, and both may well stand together.

Argued Oct. 21, 1891.  Appeal, No. 66, Jan. T., 1892, by defendants, John H. Fellows, mayor of city of Scranton, et al. from decree of C. P. Lackawanna Co., Sept. T., 1891, No. 9, awarding a preliminary injunction at the suit of plaintiff, Horace E. Hand.  Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Bill in equity praying an injunction to restrain the mayor and the city controller from entering into a contract for paving, in pursuance of an ordinance of the city of Scranton.

The bill alleged that plaintiff was the owner of property abutting on Clay avenue in the city of Scranton, and that the city councils had passed an ordinance providing for the paving and curbing of that street, and for the assessment of the cost of such improvement against all abutting property owners, according to the " foot-front" rule ; that such ordinance was passed under the provisions of the act of May 23, 1889, on August 18, 1891, and that said act of assembly was superseded and repealed by the act of May 16, 1891, providing that as-

sessment for such improvements should be made according to benefits; that said assessment is therefore illegal, and that this bill was filed on behalf of plaintiff and other property owners affected who might wish to come in.

The bill prayed a preliminary injunction, restraining the mayor from entering into or executing any contract for paving in front of plaintiff's property in pursuance of said ordinance and the controller from approving such contract, such injunction to be made permanent on final hearing, and that such ordinance and the assessment thereunder by the "foot-front" rule be declared illegal and void, and for general relief.

The court, GUNSTER, J., granted a preliminary injunction as prayed for, and defendants appealed.

*Error assigned* was the granting of the preliminary injunction.

*James H. Torrey, I. H. Burns* with him, for appellants.—The provisions in the act of 1889 for assessing the cost of paving by the "foot-front" rule are a proper subject of legislation for a single class of cities, and are not unconstitutional as special legislation: Ruan Street, 132 Pa. 276.

This rule has been recognized as a just and equitable method, both in this and other states: Pennock v. Hoover, 5 Rawle, 291; Pittsburgh v. Woods, 44 Pa. 113; Magee v. Com., 46 Pa. 358; Schenley v. Allegheny, 25 Pa. 128; Stroud v. Phila., 61 Pa. 255; Phila. v. Coulston, 118 Pa. 541; 2 Dillon, Mun. Corp. (4th ed.) sec. 761; Cooley on Taxation, 644.

The legislature may delegate to municipal corporations such taxing power as it could itself exercise: 2 Dillon, Mun. Corp. (4th ed.) sec. 739, 740; Butler's Ap., 73 Pa. 451; City of Erie v. Reed, 113 Pa. 468; Cooley on Taxation, 63.

But the "foot-front" rule, it has been repeatedly held, is not applicable, except in built-up portions of cities: Hammett v. Phila., 65 Pa. 146; Keith v. Phila., 126 Pa. 581; and this furnishes a reason why both that and the more elastic proceedings by benefits should be within the discretion of councils. The act of 1889 is not impliedly repealed by the act of 1891, because both acts may well stand together. Implied repeals are not favored: Street v. Com., 6 W. & S. 209; Shinn v. Com., 3 Grant, 205; Bounty Accounts, 70 Pa. 92; Com. v. Erie R. R.

Co., 98 Pa. 127; Pease v. Whitney, 5 Mass. 380; People v. Miner, 47 Ill. 33; Dodge v. Gridley, 10 Oh. 174; Red Rock v. Henry, 106 U. S. 596.

General laws do not impliedly repeal special laws, unless they are so irreconcilable that they cannot possibly stand together: Endlich on Statutes, sec. 223 et seq.; Thorpe v. Adams, L. R. 6 C. P. 125; Hyde Park v. Cem. Ass., 119 Ill. 141; Sheridan v. Stevenson, 44 N. J. L. 371; McKenna v. Edmundstone, 91 N. Y. 231; Brown v. Commissioners, 21 Pa. 37; Seigfried v. Com., 101 Pa. 200; Morrison v. Fayette Co., 127 Pa. 110.

The act of 1889 applies only to cities of the third class, while the act of 1891 applies to all municipal corporations in the state. Although the former is not special in such sense as to offend against the constitution, it is particular as compared with the latter. Both should therefore be sustained: Malloy v. Reinhard, 115 Pa. 31.

Constitutional provisions requiring equality and uniformity in taxation do not apply to assessments for local improvements: Cooley, Const. Lim. (5th ed.) 618–629; Cooley on Taxation, 626–636; 2 Dillon, Mun. Corp. (4th ed.) sec. 755; Beaumont v. Wilkes-Barre, 21 At. Rep. 888; Mt. Pleasant v. B. & O. R. R., 27 W. N. C. 177.

If uniformity is required at all, it is only uniformity within the taxing district; which is fully attained by either of the methods of assessment under discussion: Cooley, Const. Lim. (5th ed.) 629.

*W. H. Jessup,* for appellee.—An analysis and comparison of the two acts show that there was reason for the repeal and change in the law which was brought about by the later act, and which provided a uniform and consistent system of universal application.

The act of 1891 was clearly intended as a law applicable to all cities and to supersede all existing laws on the subject. To this end no repealing clause was necessary: Ruan Street, 132 Pa. 280; In re Martz, 110 Pa. 502.

OPINION BY MR. JUSTICE WILLIAMS, April 18, 1892:

The facts in this case are not in controversy. They present an important legal question upon which the courts in which

it has arisen are not in accord, and the practical importance of which to cities of the third class makes an early decision upon it desirable. It appears that a portion of Clay avenue, in the city of Scranton, has been recently paved under an ordinance passed on August 18, 1891, which charged the expense of paving on the real estate fronting on the avenue by the " foot-front rule " in accordance with the act of 1889, relating to cities of the third class. Some of the lot owners thus charged deny the power of the city to make use of the foot-front rule, alleging that the act of May 16, 1891, repeals so much of the act of 1889 by implication, and substitutes an assessment according to benefits in lieu of an assessment according to frontage. They accordingly filed the bill in this case seeking to enjoin the collection of the assessments. The court below held the position well taken, and awarded the injunction prayed for.

We have thus presented by this appeal the single question of the effect of the act of 1891 on that of 1889. Let us first see what the law upon this subject of paving was in cities of the third class under the act of 1889. That act was passed in order to provide a comprehensive code for the government of cities of the third class and for the regulation of municipal affairs in them. Sec. 10 of art. V provides that any street, lane or alley may be graded, paved or macadamized, and the expense of the improvement provided for as follows : If the improvement consists in grading only, the expense may be charged in whole or in part on the city, or on the property benefited according to benefits. If the improvement includes paving, the expense may be charged in whole or in part on the city, or on real estate bounding on the street paved, " in proportion to the number of feet the same fronts on the street, lane or alley to be improved." Lot owners could be reached, therefore, according to the benefit rule if the work was grading only, and according to the foot-front rule if the improvement included paving ; but it is well settled that the foot-front rule is not applicable to, and will not be enforced in, the more rural parts of the territory embraced within the city limits. Paving could only be done at the costs of the owners of property in cities of the third class, therefore, within the built-up city, where the foot-front rule could be enforced. In all other

parts of the city, it could be done only at the expense of the treasury.

The act of 1891 authorizes all cities to grade and pave their streets at the expense of the property benefited by the improvement. This reaches the rural as well as the built-up parts of the city. It includes in the same system all sorts of improvements, whether consisting of grading alone, or of paving or curbing. It is an affirmative act, containing no repealing section or clause, and can have no effect on the act of 1889, unless the system provided by it is so inconsistent with that previously existing as to make it impracticable for them to stand together. But we have already seen that, in respect to an improvement by grading only, both acts adopt the same basis of liability for the lot owner, viz.: the benefit accruing to his property by reason of the improvement. In the rural parts of the city, the act of 1891 provides a new, and the only mode for reaching the lot owners directly. There is no inconsistency between the two acts so far. Coming to the built-up parts of the city, the act of 1891 provides an additional mode for reaching the lot owners. Under its provisions they may be made liable according to benefits, while they were previously liable only according to frontage. The new basis of liability is not imposed by law, nor is the city authorized to impose it, except upon a petition of a majority in number and interest of those to be affected by the improvement. It is not made the exclusive mode for reaching the lot owners, but an additional one. The alternative is for the lot owners to settle. According as they may prefer the new or the old basis of liability, they may frame their petition to councils; and councils may frame the ordinance under which the improvement is to be made in accordance with the wish of those interested. The systems may well stand together, and be administered upon different streets or in different portions of the same city at the same time. If a street has an even grade and is thickly built up the foot-front rule may be an entirely just one. If it is uneven, with some portions much better adapted to building, and therefore much more valuable than others, an assessment according to benefits will be fairer than one resting on frontage. It will be fair in all classes, as the character of the ground, the grade of the street, and any other consideration affecting the value of ad-

joining property may always be considered in the adjustment
of the benefits. Under this view of the effect of the act of
1891, it is not important that the petition, and some of the pro-
ceedings preliminary to the assessment of the property affected
by the improvement, are in some particulars different from
those prescribed by the act of 1889. It is enough that the pro-
ceedings in any given case conform to the requirements of the
act under which it is desirable to proceed. If the persons in-
terested desire the improvement to be made upon the basis of
liability according to benefits, they will proceed under the act
of 1891; but if they wish the foot-front rule applied they will
follow the line of procedure marked out by the act of 1889.
In the case now before us the petition and preliminary proceed-
ings were under the act of 1889. They appear to have been
in all respects regular, and to justify the assessment of the cost
of the improvement by the foot-front rule. As we hold that
the provisions of the act under which the work has been done
and the assessments made are unrepealed, it follows that the
injunction should not have been granted.

It is now dissolved at the cost of the appellee.