## Frederick Street.    Hanover Borough's Appeal.

*Boroughs—Widening streets—Implied repeals—Acts*, 1851, 1891.

The power of a borough of its own motion to open or widen a street under the Act of April 3, 1851, P. L. 320, is not impaired by the Act of May 16, 1891, P. L. 75, providing for the passage of ordinances for such purposes on the petition of a majority of the property owners. There is nothing repugnant in the existence of two methods of initiating improvements. A borough council may exercise its own judgment as to a street in a built-up portion of a borough while as to a remoter highway it may wait to be moved by the petition of the property owner.

Where a borough has properly passed an ordinance under the Act of Apr 3, 1851, for the widening of a street, the proceedings to carry it out by the appointment of viewers, etc., can be had under the Act of May 16, 1891.

Hand v. Fellows, and McCall v. Coates, applied.

Argued May 18, 1892.    Appeal, No. 317, Jan. T., 1892, of Hanover Borough, from decree of C. P. York Co., sustaining an appeal from an order appointing viewers to assess damages for the widening of Frederick street in said borough and quashing the proceedings.    Before PAXSON, C. J., STERRETT, Mc-COLLUM, MITCHELL and HEYDRICK, JJ.

The facts, as they appeared before the court below, BITTEN-GER, J., were to the following effect: Hanover borough, a borough subject to the general borough Act of 1851, P. L. 320, on Oct. 17, 1891, of its own motion, passed an ordinance, under the Act of 1851, for the widening and adopting of Frederick street.    On Nov. 16, 1891, the borough presented its petition to the common pleas for the appointment of viewers under the Act of May 16, 1891, P. L. 75, and they were duly appointed.    On Dec. 7, 1891, Elizabeth F. Young appealed to the common pleas, alleging that the improvement was not petitioned for by a majority of the property owners as required by §§ 8, 9 and 10 of the Act of 1891.    It was admitted that no petition had ever been presented to the council of the borough

for the improvement mentioned in the ordinance. The court below, in an opinion reported in 1 Dist. R. 283, entered a decree, Jan. 2, 1892, sustaining the appeal and setting aside the proceedings; and, on Jan. 11, 1892, filed an amended order and decree quashing the ordinance. The borough thereupon took this appeal.

*Errors assigned* were (1, 2) decrees as above, quoting them.

*Henry C. Niles*, with him *W. F. Bay Stewart* and *George E. Neff*, for appellant, cited: Walter's Ap., 70 Pa. 392; Erie v. Bootz, 72 Pa. 196; Barber's Election, 86 Pa. 392; McFate's Ap., 105 Pa. 323; Hand v. Fellows, 1 Adv. R. 580.

*Edward Chapin*, for appellee.—The Act of 1891 is inconsistent with and must be held to repeal, *pro tanto*, the Act of 1851, and its supplement of April 22, 1856, P. L. 525. The Act of 1891 does not provide a different basis of liability of lot owners, as in the case of Hand v. Fellows, 1 Adv. R. 580; nor does it contemplate that the improvement shall be made at the expense of the borough alone, as in Com. v. George, 1 Adv. R. 599. The Act of 1891 and the Act of 1856 both provide the same basis of liability of lot owners, to wit, benefits.

An examination of Acts applicable to boroughs shows an intention on the part of the Legislature to provide an Act revising the entire subject-matter of former legislation on the same subject, which should stand as a substitute therefor, applicable to all municipalities. In such case there is an implied repeal: U. S. v. Tynen, 11 Wallace, 88; Bartlett v. King, 12 Mass. 537; Murdock v. Memphis, 20 Wallace, 617; Com. v. Cromley, 1 Ash. 181; Rhoads v. Hornerstown B. & S. Ass., 82 Pa. 180–187; Johnston's Est., 33 Pa. 511; Somerset and Stoystown Road, 74 Pa. 61; Farley v. De Watres, 2 Daly, 192; Daviess v. Fairbairn, 3 How. 636; D. & L. Plank Road v. Allen, 16 Barb. 15; Caruther's Case, 9 East 44; Gwinner v. R. R., 55 Pa. 126.

That the Act of 1891 is a blanket Act, is further shown by the use of the word "any" in § 10. Any means "all:" 10 How. Pr. 83; it is the converse of none: Com. v. Messinger, 1 Bin. 280. To same effect, see Spring Street, 112 Pa. 263.

If the Act of 1851 be still in force, the proceedings for the appointment of viewers in this case should have been under the Act of 1856.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

The main ground on which the proceedings were set aside by the learned judge below has since been taken away by the decision of this court in Hand v. Fellows, 30 W. N. 72, and McCall v. Coates, 23 Atl. Rep. 1126, 1127. It was there held that the Act of May 16, 1891, P. L. 75, in relation to laying out, opening, etc., streets, etc., in the several municipalities of the commonwealth, is an affirmative Act, conferring additional and cumulative powers, on municipalities of all grades, but repealing no prior statute expressly, nor any portion thereof by implication " unless the system provided by it is so inconsistent with that previously existing as to make it impracticable for them to stand together." In the task of steering through constitutional restrictions, well meant, but destructive of necessary governmental powers, the Legislature had found it difficult to construct statutes conferring powers and modes of procedure suitable to all the diverse needs, situations and wishes of the multitude of municipal organizations in the state. In the effort some well intended Acts had come to naught, and others had been shorn of sections that left inconvenient gaps here and there in the whole system. It was to fill these gaps, to supply the *casus omissi*, and to supplement powers doubtful or defective, that the Act of 1891 was passed. It took away no power in any municipality that existed before, nor interfered with any mode of its exercise, except as already said, where there is an irreconcilable repugnancy.

There is no such repugnancy in the present case. Under the powers conferred or regulated by the Act of April 3, 1851, P. L. 320, the borough council of Hanover had authority to pass the ordinance of its own motion, upon its own judgment of the public needs. By the ninth and tenth sections of the Act of 1891, the initiative may be taken by the property owners, through the medium of a petition to the governing body of the municipality whatever it may be, for the Act is not a borough Act merely, but relates to all municipalities. There is nothing repugnant in the existence of two methods of initiating the improvement. As is so clearly shown by our brother WILLIAMS, in Hand v. Fellows, a system of charging the expense of improvements to property owners by the foot-front rule, may well co-exist with another system of charge according to

benefits to property owners, on a different street.   So a borough
council may exercise its own judgment as to a street in the
built up or populous portion of the borough, while as to a
remoter highway it may well wait to be moved by the petition
of the property owners.   A precise analogy is to be found in
the city of Philadelphia, where streets may be opened on their
own motion by councils, or by the court of quarter sessions
upon petition, and doubtless similar double methods co-exist in
other municipalities of the state.   Repeals by implication are
never favored, and the implication would have to be very
strong indeed, to justify a court in adjudging an implied repeal
of the power to lay out, open and widen streets, which has
existed in some form from the colonial days, and is an essential
part of our modern conception of a municipality of any grade.

There is no difficulty in the proceedings.   The ordinance be-
ing valid under the Act of 1851, the proceedings to carry it
out might be taken under the Act of 1891.   As said in Hand
v. Fellows, " it is enough that the proceedings in any given
case conform to the requirements of the Act under which it is
desirable to proceed."

Judgment reversed and ordinance and proceedings rein-
stated.