## Swaney v. County of Fayette et al.

468

*J. K. Spurgeon*, for petitioner.

*C. W. Martin*, for defendant.

MORROW, J., April 4, 1940.—Plaintiff, tax collector of Georges Township, Fayette County, has petitioned this court for a declaratory judgment against defendants, the County of Fayette, the Township of Georges, and the School District of Georges Township. The controversy arises over the effect to be given to the Act of May 25, 1939, P. L. 224, with respect to bonds of tax collectors. All the facts alleged are admitted in the answer of defendants. They have joined in the prayer for a decree. The Attorney General of Pennsylvania accepted service of the petition herein and has indicated by letters filed that he does not desire to be heard in this matter and will not intervene as a party.

The controversy involves the following questions for decision:

(*a*) Whether the Act of 1939, supra, insofar as it concerns the bonds of tax collectors, is constitutional and valid.

(*b*) Whether said act, if constitutional and valid, repeals the provisions of the School Code of May 18, 1911, P. L. 309, with respect to bonds of tax collectors.

*Findings of fact*

1. Plaintiff is the elected tax collector of Georges Township in Fayette County.

2. Georges Township is a second class township and Fayette County is a county of the fourth class.

3. Defendants have advised plaintiff to the effect that it is their contention none of the provisions of the said Act of 1939 are effective to change the statutory law as it was immediately prior thereto with respect to the furnishing of bonds by her; and she contends that by reason of said act she is required to file one bond only, conditioned as in said act recited. By reason of these contentions an actual controversy, or the ripening seeds of one, now exists between plaintiff and defendants, which controversy can be settled in this proceeding. There is no substantial dispute concerning any of the facts involved in said controversy.

*Discussion*

It is contended on behalf of defendants that the Act of 1939, supra, is unconstitutional and invalid for the reason that it violates article III, sec. 3, of the Constitution of Pennsylvania, in that its title is deficient. The title reads:

"An act to amend section five hundred seventy-one of the act, approved May first, one thousand nine hundred thirty-three (Pamphlet Laws, one hundred three), entitled 'An act concerning townships of the second class; and amending, revising, consolidating, and changing the law relating thereto,' as amended, by changing the conditions of the tax collector's bond; fixing the time when the same shall be entered into; and providing that the bond shall cover the collection of township, county and school, institution and poor district taxes."

The complete provision of the said act as concerns the oath and bond of the tax collector is as follows:

"The collector of taxes of townships shall, before he enters upon the duties of his office, take and subscribe an oath of office and file the same in the office of the court of

quarter sessions, and shall annually, before any duplicate is delivered to him for that year, enter into lawful fidelity bond to the Commonwealth, in not more than the amount of taxes charged and assessed in the duplicates to be delivered to him that year, with at least two sufficient sureties or one bonding company. The bond shall be approved by the court of quarter sessions and shall be filed in the office of the clerk of said court. The condition of the bond shall be that the collector, as tax collector of the township, county, school district, poor district and institution district, shall account for and pay over all taxes, penalties, and interest received and collected by him. The tax collector and his sureties shall be discharged from further liability on any bond as soon as all tax items contained in the duplicates delivered to him during the year for which the bond was given are, either—(1) collected and paid over, or (2) certified to the taxing authority for entry as liens in the office of the prothonotary, or (3) returned to the county commissioners for sale of real estate by the county treasurer, or (4) in the case of occupation, poll and per capita taxes, a record of those which remain uncollected is filed with the taxing authority."

Anything else in said act purporting to relate to bonds of tax collectors is in effect no more than a repetition of a portion of the above.

It will be observed that the title to the act gives notice that the bond shall cover, inter alia, school taxes. It is true that the title makes no mention of the addition to the act with respect to township treasurers. This addition follows immediately after the part of the act above quoted. However, we need not here give consideration to the question of whether or not the act is unconstitutional or invalid as regards the provision mentioned with respect to township treasurers.

"The provisions of every law shall be severable. If any provision of a law is found by a court of record to be unconstitutional and void, the remaining provisions of the law shall, nevertheless, remain valid, unless the court

finds the valid provisions of the law are so essentially and inseparably connected with, and so depend upon, the void provision, that it cannot be presumed the Legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent": section 55 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 1025. This rule is in line with prior decisions. See Commonwealth v. Shaleen, 30 Pa. Superior Ct. 1, 14, stating:

"It is a familiar rule that a part of a statute may be unconstitutional and the remainder constitutional, and that that which is constitutional will stand unless its provisions are so connected and dependent on each other in subject-matter that it must be presumed the legislature would not have enacted one without the other."

The two provisions above mentioned, the one as to the bond of a tax collector, the other as to the bond of a township treasurer, are not inseparably connected. It may be that the latter provision was inserted by error. The language thereof is for the most part identical with the latter part of the Act of May 25, 1939, P. L. 186, approved the same day, amending the law as to the bond of the treasurer in a township of the first class. There seems to have been some confusion of the duties of a treasurer in a township of the second class with the duties of that officer in a first class township. But, as above indicated, the provision quoted with respect to the bond of a tax collector in a second class township seems complete and can stand by itself without regard to the later insertion relative to the bond of a township treasurer.

With the conclusion that the law above quoted pertaining to bonds of tax collectors is valid, comes the second question as to whether this law repeals the provisions of the School Code with respect to tax collectors' bonds.

Section 550 of article V of the School Code, reads, in part:

"Every person appointed or elected collector of school taxes in any school district of the second, third, or fourth class in this Commonwealth, in addition to any bonds that he may now be required by law to give, and before receiving his tax duplicate and warrant to collect said school taxes, shall furnish to the school district a proper bond, in an amount to be fixed by the board of school directors, with such surety or sureties as it may approve, conditioned upon the faithful performance of his duties as such tax collector."

The portion of section 550 quoted has remained the same since the adoption of the School Code. The last amendment of this section under date of July 12, 1935, P. L. 691, did not change this provision. It is to be noted that whenever the legislature, prior to the Act of May 25, 1939, supra, sought to amend said section of the School Code, such intention was specifically stated in the title of the amendment, and the section was recited in the usual way in the amending act. We find nothing of that sort in the Act of May 25, 1939, now under consideration.

Further, the said Act of 1939 purports to repeal only acts and parts of acts inconsistent therewith.

"Laws in pari materia shall be construed together, if possible, as one law": section 62 of the Statutory Construction Act of 1937. Section 75 of the same act provides in part: "Whenever two or more amendments to the same provision of a law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the amendments shall be construed together, if possible, and effect be given to each." And under section 91 of this same act it would seem that the Act of May 25, 1939, now being considered, should not be construed to repeal the above-mentioned section 550 of the School Code, unless the two laws be irreconcilable.

Under the Act of June 25, 1885, P. L. 187, the bond of the tax collector covered "the whole amount of taxes charged and assessed in the duplicates, which shall be de-

livered to him." This remained the law until The General Township Act of July 14, 1917, P. L. 840, and was, therefore, the law at the time of the adoption of the School Code on May 18, 1911, and continued to be the law after its adoption and until July 14, 1917. Section 550 of the School Code, as quoted above, required a special bond designed to be a separate and special security for the collection of the school taxes, which requirement was prescribed in each act amending this section down to and including the amendment of 1935, supra. Thus from the adoption of the School Code of 1911 down to the present time the tax collector has been required to file a special bond covering the collection of the school taxes, and also, until July 14, 1917, a general bond. The special bond was the primary security, but in a case where the special bond had been exhausted it does not appear that the general bond would not be liable for any deficiency. The law subsequent to the adoption of the School Code is clearly explained in the opinion of the Superior Court in the case of Commonwealth v. White et al., 75 Pa. Superior Ct. 554, 558. We quote at length therefrom:

"It was the purpose of the legislature by the enactment of the law of 1911 to codify and reduce to harmony all earlier legislation as it specially affected the school affairs of the State and the several districts thereof. One of the more important matters considered and provided for by that statute related to the financial affairs of the several school districts; and in this connection with the collection of the taxes lawfully imposed upon the electors of the district by the school authorities. Section 550 of that act declares 'Every person appointed or elected collector of school taxes in any school district . . . in this Commonwealth, in addition to any bonds that he may now be required by law to give, and before receiving his tax duplicate and warrant to collect such school taxes, shall furnish to the school district a proper bond, in an amount to be fixed by the board . . . with such surety or sureties as it may approve, conditioned upon the faithful perform-

ance of his duties as such tax collector.' The statute then goes on to provide that if such elected tax collector shall fail to furnish such a bond, the board of school directors shall appoint another suitable person as collector of the school taxes in said district in his place, etc. It seems difficult to read that language in any way that would not support the conclusion that since the Act of 1911, the duly elected tax collector of a municipal district could not demand, as of right, the receipt of the school tax duplicate as an incident or a result of his election, even though he had fully complied with every provision of the Act of 1885. The general bond, which under the provisions of that act he was required to give, was to be filed in the office of the clerk of the court of quarter sessions and the sureties thereupon were to be approved by the said court or a judge thereof. Under the School Code the special bond designed to be a separate and special security for the collection of the school taxes was to be in an amount fixed by the school board and the surety or sureties thereon were to be approved by the same body.

"It ought to be clear then that the tax collector had no right to expect to be called upon to collect the school taxes unless he complied with the provisions of section 550 of the School Code. It should be equally plain that the sureties who signed his general bond had every right to assume they would not be called upon to answer for any default in the collection of school taxes unless their principal qualified himself to receive the school duplicate by the giving of the special or additional bond required by the School Code. We are not to be understood, even by inference, as asserting that, if the tax collector had qualified as the collector of school taxes and had given the bond required by the School Code, the sureties on his general bond would be discharged from any obligation in case of a default by him in the collection of the school taxes."

The Act of May 25, 1939, supra, does not seem inconsistent with section 550 of the School Code, requiring a special bond in accordance with the terms of that section

as amended. Said act simply provides that the general bond of the tax collector, in not more than the amount of the taxes charged and assessed in the duplicates to be delivered to him, shall be conditioned as therein stipulated, and filed for the use of the school district as well as for the protection of the other taxing authorities mentioned.

In the case of Commonwealth, ex rel. Matthews, v. Lomas, 302 Pa. 97, 104, it is stated:

". . . and even where there is an express repeal in the later legislation of all acts inconsistent therewith, such provision is considered as an express recognition that those not inconsistent therewith remain in force: Commonwealth v. Reese, 293 Pa. 398, 401. A general statute without negative words cannot repeal a previous particular statute even though the provisions in one be different from the other: In re Opening of Parkway, 249 Pa. 367, 373." And in Ferguson's Estate, 325 Pa. 34, 36, we read:

"It is well settled that a statute will not repeal another by implication unless the two cannot stand together; the legislative intent to repeal must be clear".

Plaintiff, therefore, if she wishes to undertake the collection of the school taxes, must file both the special bond and the general bond as above indicated. This is no more than was required during the period from May 18, 1911, to July 14, 1917. Under the view expressed, effect is given to all the provisions of the act in question so far as concerns bonds of tax collectors and these provisions do not appear inconsistent with or irreconcilable with the School Code.

### Declaratory judgment

And now, April 4, 1940, it is ordered, adjudged, and decreed:

1. That plaintiff as tax collector of Georges Township file a bond in accordance with the provisions of the Act of May 25, 1939, P. L. 224.

2. That plaintiff, if she wishes to collect the school taxes for the School District of Georges Township, shall

in addition furnish to the school district a bond in accordance with the Act of July 12, 1935, P. L. 691.

3. That defendants pay the costs of this proceeding.

The prothonotary is directed to give notice of this declaratory judgment to the parties or their counsel, and if no exceptions are filed within 10 days, the same shall become final and be so entered.